| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF Putnam | ) | OF _____ COUNTY |
| Trey Richardson | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | Cause No. 2:24-cv-00056-JMS-MKK |
| | ) | (To be supplied by Clerk of Court) |
| Sarah Snowden | ) | |
| Defendant. | ) | |

(Type or print only the name of the first person you are suing. List everyone you are suing on page 2.)

**FILED**
**02/15/2024**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## PRISONER COMPLAINT
### 42 U.S.C. § 1983

**I.   PARTIES**

**A. PLAINTIFF INFORMATION**

1. Name: Trey _____ Richardson   121943
    First       Middle       Last       DOC#

2. Place of Incarceration:   Putnamville Correctional Facility

3. Address:   1946 West U. S. Hwy 40, Greencastle, Indiana 46135.

4. Did the things you are suing about happen at your present place of incarceration?

    (X) Yes    ( ) No it happened at: _____

5. Did the things that you are suing about happen?

    ( ) Before you were confined, or

    ( ) When you were confined awaiting trial, or

    (X) After conviction while serving a sentence.

## PARTIES

Trey Richardson DOC #121943 is the plaintiff , an incarcerated individual at the putnamville correctional facility. Indiana department of corrections, plaintiff began his term of incarceration at the Wabash correctional facility, but since has been transferred to the putnamville correctional facility. 1946 west U.S. highway 40 Greencastle, Indiana 46135.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

TREY RICHARDSON

(PLAINTIFF)

    VS.

SARAH SNOWDEN (HSA)

BRANDY LEEK

ANTHONY BONDS

ROBERT DUPREY

GEOFF MCLAUGHLIN

CAROL KNAPP

STEPHANIE RILEY

JORDAN DYCUS

SHELBY STROHECKER

TAMMY BRUER

TATUM GRIZZEL

ROBERT LONDON

PABLO PEREZ

DALLAS BURKE

DENNIS LEWTON

DONNA BUMGARDNER

HEATHER RUSSELL

LYNDAL WEIR

CHARLENE BURKETT

List of defendants with title and address (19)

1. Sarah Snowden (HSA) Health Service administrator at the Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana 46135

2. Brandy Leek (DON) Director of Nursing at the Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana 461353

3. Anthony Bonds (RN Supervisor) Registered Nurse Supervisor at the Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana 46135

4. Robert Duprey (NP) Nurse Practitioner at the Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana 46135

5. Geoff Mclaughlin (RN) Registered Nurse at the Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana 46135

6. Carol Knapp (RN) Registered Nurse at the Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana 46135

7. Stephanie Riley State Medical Director at the Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana 46135

8. Jordan Dycus (CNA) Certified Nursing Assistant at the Putnamville Correctional Facility 1946 west U.S. highway Greencastle, Indiana 46135

9. Shelby Strohecker (CNA) Certified Nursing Assistant at the Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana 46135

10. Tammy Bruer (LPN) License Practical Nurse at the Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana

11. Tatum Grizzel (AA) Administrative Assistant at the Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana 46135

12. Robert London (LPN) License Practical Nurse at Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana

13. Pablo Perez (MD) Physician at the Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana

14. Dallas Burke (CO) Correctional Officer at the Putnamville Correctional Facility 1946 west U.S. Highway 40 Greencastle, Indiana

15. Dennis Lewton Optometrist at the Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana 46135

16. Donna Bumgardner Grievance Specialist at the Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana 46135

17. Heather Russell (ADA) American Disability Act (respondent to grievances) at the Putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana

18. Lyndal Weir (LPN) License Practical Nurse at the putnamville Correctional Facility 1946 west U.S. highway 40 Greencastle, Indiana

19. Charolette Burkett State Ombudsman at the Indiana Government Center 402 west Washington st Indianapolis, Indiana 46205

## II. GRIEVANCE PROCEDURE

A. Is there a prisoner grievance system that would allow you to file a grievance about the things you are suing about?

(X) Yes   ( ) No

B. If yes, did you file a grievance about the things you are suing about?

(X) Yes [See *Plaintiff's Exhibits.*]

( ) No [*Explain why you did not file a grievance.*] _____

_____

_____

_____

## III. CAUSE(S) OF ACTION WITH SUPPORTING FACTS

Write why you are suing each defendant. Write who, what, when, where, and how you believe your rights were violated. It is **VERY IMORTANT** that you use each defendant's name in describing what happened to you. If you do not write what each defendant did, the court will not know why you are suing that person and they will be dismissed from your suit.

Explain what constitutional or federal law right, privilege each defendant violated. Do not cite or quote cases or statutes. If you want to make legal arguments or citations, you must file a separate memorandum of law. Do not attach it to this complaint.

Write a new paragraph for each violation. Name each defendant involved in the violation and be certain to number you paragraphs.

1. _____

_____

_____

_____

_____

Grievance Procedure

1. Plaintiff has attempted to follow the grievance procedure through to fruition, on multiple occasions. The simple fact is, the grievance specialist, (Bumgardner, Purett, and Russell) is extremely inefficient, and lacks training. At the Putnamville Correctional Facility it takes longer to receive a Grievance form (state form 45471) than the grievance policy (00-02-301) allows for submitting a grievance.

2. Even attempting to navigate these obstacles, Plaintiff has managed to appeal grievances after requesting a grievance appeal without receiving a response from the original grievance turned in on June 16, 2023 to central office. Plaintiff has still continued to wait.

3. Pursuant to 42 U.S.C.S. 1997 (a). the exhaustion requirement hinges on the availability of Administrative remedies: an inmate, that is, must exhaust available remedies, but need not to exhaust unavailable ones.

4. Plaintiff would also like the court to examine other federal cases recently filed from the Putnamville Correctional Facility by inmates; Christopher McClure, Kurt Wertz, Michael Scuteri, and Joseph Hartsock. Plaintiff believes these cases will provide ample and numerous examples of the ineffectiveness of the grievance procedure, and show any needed support of plaintiffs claim: There is no administrative remedy available through the grievance procedure at the Putnamville Correctional Facility.

5. Plaintiff believes that exhaustion requirements, pursuant to the PLRA, have been satisfied.

Statement of claims

Claim #1

1.(42 U.S.C. 1983, Fifth Amendment claim against all(19 defendants) listed on front page

Plaintiff incorporates by reference all previous paragraphs as if restated here. 2.Defendants were deliberately indifferent to the "due process" and just compensation clause of the fifth and fourteenth amendment by their failure to ensure proper and adequate medical care. 3.Defendants violate plaintiffs fifth amendment rights.

Claim #2

4.(42 U.S.C. 1983, Eighth Amendment claim against Snowden, Leek, Bonds, Grizzel, Duprey, Bruer, London, Dycus, Strohecker, Mclaughlin, Knapp, Riley, Perez, Burke, Bumgardner, Russell. 5.Plaintiff incorporates by reference all previous paragraphs as if restated here. 6.Defendants were deliberately indifferent to plaintiffs eighth amendment right to be free of cruel and unusual punishment, allowing the present situation to continue and forcing plaintiff to endure the pain. Defendants violated plaintiffs eighth amendment rights.

Claim #3

7.(42 U.S.C. 1983, fourteenth amendment claim against Russel, Bumgardner, Snowden, Grizzel

8.Plaintiff incorporates by reference all paragraphs as if restated here. Defendants were deliberately indifferent to the "due process" clause of the fourteenth amendment by their failure to ensure proper adequate medical care 9.Defendants violated plaintiffs fourteenth amendment rights. 10.Defendants were deliberately indifferent to plaintiffs fifth amendment right not to be deprived of life, liberty, or, property without due process of law. Defendants were deliberately indifferent to plaintiffs eighth amendment right to be free of cruel and unusual punishment.

11.Defendants violated U.S. Constitutional Rights Fifth, eighth, and fourteenth amendments to correct and provide adequate medical care, by delaying/ postponing outside medical care appointments, then preventing plaintiffs attempts at remedy. Said prevention caused plaintiffs (but not limited to) stress, sleeplessness, loss of eyesight/ vision, and pain. Defendants could have corrected or ordered to provide adequate medical care and not delay/postpone outside appointments at any time, yet failed or refused to do so.

12.Defendants violated plaintiffs U.S. Constitutional rights 16th,15th,8th, and 14th

Claim #4

13. Indiana State Tort Law, negligent infliction of emotional distress, pain, and loss of eyesight claim against Snowden, Leek, Bonds, Duprey, Mclaughlin, Knapp, Riley, Dycus, Strohecker, Bruer, Grizzel, London, Perez, Burke, Lewton, Bumgardner, Russell, Weir, Burkett. Defendants have violated Indiana State Tort Law negligence per se.

Claim #5

14. Indiana State Tort Law violation of negligence claim against Snowden, Leek, Bonds, Grizzel, Duprey, Bruer, London, Weir, Strohecker, Mclaughlin, Knapp, Riley, Burke, Dycus, Perez, Lewton, Bumgardner, Russell, Burkett

Plaintiff incorporates by reference all previous paragraphs as if restated here.

15. Defendants owed a duty to plaintiff to provide proper and adequate medical care. Defendants did not fulfill the applicable standard of care, breeching their duty to plaintiff. The breeching of duty from medical staff and the IDOC correctional officers caused the plaintiffs actual compensable injury

16. Defendants have committed negligence as applied to plaintiff as described supra. Plaintiff incorporates be reference all paragraphs as if restated here.

17. Defendants conduct fell below the applicable standard of care, when handling plaintiffs request, letters, grievances, and classification appeals in attempt to correct inadequate medical care.

18. Plaintiff has suffered injury, (loss of eyesight), described supra, and effects described in claims #2 and #3.

19. The defendants acts and omissions described supra, was a cause in a fact of the plaintiffs injury.

20. The defendants have inflicted negligent infliction of emotional distress against plaintiff in violation of Indiana Law.

Complaint

1. Plaintiff is an incarcerated individual in the Indiana Department of corrections, housed at the Putnamville Correctional Facility. Plaintiff has a (GED) general education diploma and no legal education or experience.

2. Plaintiff alleges the defendants have made serious errors in delaying medical cand and medical negligence of plaintiffs medical eye care, outside appointments, and prescriptions serious health care needs.

3. As will be explained, plaintiff has attempted to have these obvious medical negligence, and deliberate errors corrected, by contacting multiple defendants (who are IDOC and Centurion employees) in multiple departments, as well as attempted utilization of the offender grievance procedure and classification appeal procedure

4. Plaintiff has contacted the Bureau of the ombudsman for the IDOC by telephone

5. Plaintiff alleges violations of the Fifth, Eighth, and Fourteenth amendments of the United States Constitution

6. Plaintiff also alleges violations of Indiana "Tort" Laws for needless infliction of emotional distress, negligence, and negligence per se.

7. Plaintiff has tried at both Wabash Valley and Putnamville Correctional Facilities to utilize the grievance procedure to remedy these issues, as well as having outside contacts make contact with the corrections and medical staff regarding these issues. However, at the Putnamville Correctional Facility the grievance procedure is fatally flawed, and operates outside the Department of Corrections own policy. Deadlines are not met or kept by grievance personnel, and grievances are routinely denied anyway.

8. On or about July 22 of 2022 ( while still at Wabash Valley Correctional facility) plaintiff began requesting treatment for issues with eyes.

9. Since plaintiffs transfer to the Putnamville Correctional Facility, plaintiffs eyesight has continued to deteriorate, causing impaired vision, blindness to one eye and a constant sometimes severe level of pain.

10. Plaintiffs eyes are constantly and extremely "bloodshot" and "watery" making this issue visible to anyone who observes it, while causing constant pain, and certainly any issue affecting your eyesight will affect your day to day living classifying plaintiffs condition as serious.

11. The medical provider for DOC is a company called Centurion. Plaintiff allows the Centurion medical staff have seen and spoken with him regarding his eye issues, however, necessary testing and procedures keep getting "rescheduled" and or "ignored" while plaintiff's vision continues to deteriorate and worsen his pain and suffering continues to increase also.

12. Plaintiff allows that Centurion did make changes, but, at no time has the changes been applied to better provide adequate medical care to plaintiff, to prevent vision loss in the other eye at an increased rate. Plaintiff is forced to endure needless pain and suffering is a violation of the United States constitution. The fact that the defendants as medical providers could have treated plaintiff at any time saving days, weeks, even months of needless pain and suffering, but refuse to provide said treatment (instead ignoring serious medical needs in favor of continuous "rescheduling") along with a corrections officer delaying his specific times (scheduled on count letter) for eyedrops and medication. Places plaintiff into a position where his punishment has become physical.

13. By not providing timely treatment of plaintiffs serious medical issues, the Centurion medical staff and their employees ( Indiana Department of Corrections) have become complicit in the cause of plaintiffs needless pain and suffering.

14. Centurion and the Indiana Department of Corrections are negligent and deliberately indifferent to plaintiffs serious medical needs, in that the Supreme court has stated that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary infliction of pain" prescribed by the eighth amendment.

15. Plaintiff attest that his rights to be free of cruel and unusual punishment, pursuant to the United States constitution has, and is, being violated. The medical issues in question are not being disputed. Centurion staff has recognized the need for treatment.

16. Weather treatment is provided now or later by recognizing the need for treatment, Centurion has in effect, said that treatment is needed along with outside doctors and specialists, and should be provided.

17. By continuing to reschedule and/ or postpone treatment, Centurion (and by extension) the Indiana Department of Corrections are exposing plaintiff to needless pain and suffering constituting "cruel and unusual punishment."

18. Centurion's medical staff Snowden, Leek, Bonds, Duprey, Mclaughlin, Knapp, Riley, Dycus, Strohecker, Bruer, Grizzel, London, Perez, Burke, Lewton, Weir, Russell, Bumgardner failed to uphold the values of the United States Constitution by failing to ensure the plaintiffs rights to due process and free from cruel and unusual punishment were up held. Plaintiff attest that the sheer volume of emails and phone calls sent from plaintiffs family and friends sent to Snowden, Riley and other facility staff members.

19. The complaint against Centurion's medical staff in (HCU) Health car unit is even worse against Snowden, Leek, Bonds, Duprey, Mclaughlin, Knapp, Dycus, Strohecker, Bruer, Grizzel, London, Perez, Lewton, Weir, the same complaint applies, as defendants mentioned above could have easily corrected and provided adequate medical care in this situation and didn't. In addition, during several conversations with these defendants pawned it off on each other in a "pin ball effect". Not only refused to provide assistance, but actually were all deliberately indifferent to a serious medical need and delaying/postponing outside doctor appointments from "Grizzel" still continuously ongoing until this day.

20. Centurion medical staff Snowden, Leek, Bonds, Duprey, Mclaughlin, Knapp, Riley, Dycus, Strohecker, Bruer, Grizzel, London, Perez, Lewton, Weir, and Correction officer Burke, were all aware of this situation , and though plaintiffs family and friends made multiple (more than 20) phone calls, and emails about these defendants delaying medications and eye drops for plaintiffs diagnosis from outside optometrist and specialists. Bruer continuously makes plaintiff wait 45 minutes to over an hour on a daily . basis, all defendants mentioned above are deliberately indifferent to plaintiff as Bruer is and just as worse. They all refuse to take action to assure adequate medical care. This is still an ongoing issue until this day.

21. Medical director Riley, and HSA Sarah Snowden were both aware of this situation and though plaintiffs family and friends made multiple (more than 20) emails and phone calls to all and all refused to take action and provide adequate medical care and correction.

22. Donna Bumgardner as the grievance specialist and Heather Russell as the ADA grievance coordinator are more responsible for this situation than any. Though plaintiff has written numerous (more than 10) grievance forms, Bumgardner and Russell has neglected their job duties by not investigating and or refusing to forward appeal "up state" to the final review authority. They refused to answer numerous amounts of grievances and provide proper forms to plaintiff. Not to mention ensuring plaintiff could not conform to policy by unnecessary delays that expend all the allowed time by policy. In short, not only did Bumgardner and Russell not "act to correct" but actively "acted to prevent" plaintiffs efforts to correct the situation.

23. Defendant Riley works at the central office of the Indiana Department of Corrections, and is specifically responsible for adequate medical care and over seeing Centurion's medical staff for Putnamville Correctional Facility in HCU. HCU failed to provide adequate medical care to the plaintiff. As plaintiff family and friends made numerous phone calls and emails about medical staff being deliberately indifferent to plaintiffs serious condition and the loss of his eyesight although plaintiff repeatedly tried.

And this defendant could have addressed this situation, they chose not to act, or even answer plaintiff or plaintiffs family or friends.

24. The bureau of the ombudsman was represented by Charlene Burkett. The ombudsman is specifically to address incarcerated individuals complaints before it becomes necessary to use the courts. Plaintiff had advised her of the ineffectiveness and inefficiency of Donna Bumgardner, Russell, and of Centurion's medical staff including medical director Riley. In short, Burkett could have easily acted to correct these issues and chose not to do so.

## Statement of Relief

1. Declaratory relief stating the defendants have violated the Fifth, Eight, and Fourteenth amendments of the United States Constitution, Article 1, 12, 15, 16 of the state of Indiana Constitution and Indiana Tort Law.

2. Declare defendants actions and omissions unconstitutional

3. Declare judgement in plaintiffs favor against defendants

4. Order upon a proper motion, an injunction requiring the defendants, or their agents, immediately give plaintiff possession of medications/ eye drops

5. Provide compensatory damage (where applicable) to plaintiff in amount determined by a Jury, but not less than 10 million per claim.

6. Provide punitive damages (where applicable) to plaintiff in amount determined by a Jury, but not less than 10 million per claim

7. Order all fees associated with this filing paid by the defendants

8. All other relief deemed just and proper in the premises.

## V. JURY DEMAND

Pursuant to Federal Rules of Civil Procedure, Rule 38(b), Plaintiff respectfully demands a trial by jury of all triable issues involved in this action.

_Trey Richardson #121943_
Plaintiff

RESPECTFULLY SUBMITTED THIS 31 DAY OF January, 2024.

_Trey Richardson #121943_
Plaintiff

## VERIFICATION

I, Trey Richardson, hereby affirm under the penalties for perjury that the above and foregoing representations are true and correct to the best of my knowledge and belief.

_Trey Richardson #121943_
Plaintiff, Pro Se

## AFFIDAVIT OF SERVICE

I, Trey Richardson, hereby certify that on this 31 day of January, 2024, a true and correct copy of the foregoing _____ was served upon Terre Haute Division by first class, postage prepaid, United States Mail.

_Trey Richardson #121943_
Plaintiff

Jury Demand

Plaintiff demands a Jury Trial on all issues and matters so triable.

January 31, 2024                                   Plaintiff,    Pro Se

                                                   Trey Richardson #121943

                                                   Putnamville Correctional Facility

                                                   1946 West U.S. Highway 40

                                                   Greencastle, Indiana 46135

Verification

I, Trey Richardson, declare under the penalties for perjury that the foregoing representations are true and correct to the best of my knowledge and belief.

Plaintiff, Pro Se

Trey Richardson #121943

Certificate of Service

I, Trey Richardson, declare under the penalty for perjury that a true and accurate copy of the foregoing has been duty served upon the clerk of the United States District Court, Southern District, Terre Haute Division, pursuant to the Putnamville Correctional Facility mailing system.

I hereby certify that I sent a copy of this document on January 31, 2024 by certified mail, postage prepaid to the Putnam County Prosecutor at the following address:

Terre Haute Division U.S. District Court

421 Ohio St. Room 104

Terre Haute, Indiana 47807

Trey Richardson #121943

Putnamville Correctional Facility

1946 west U.S. Highway 40

Greencastle, Indiana 46135